# In the United States Court of Federal Claims

(Pro Se)

| | | |
|---|---|---|
| JAAME AMUN RE EL,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 26-1323<br>(Filed: October 26, 2026) |

Jaame Amun Re El, pro se, Manchester, CT, for Plaintiff.

## OPINION AND ORDER

**KAPLAN, Judge.**

On September 8, 2026, pro se Plaintiff Jaame Amun Re El filed a complaint in this Court. The plaintiff alleges that, while they were under federal custody at FCI Berlin, prison officials "unlawful[ly] interfere[d] with protected legal and special mail." Compl. ¶ 3, Dkt. No. 1. Specifically, the plaintiff asserts that "multiple items of protected mail were delayed, mishandled, intercepted, obstructed, diverted, or otherwise interfered with." Id. ¶ 10. The plaintiff claims that despite attempts to notify prison officials of these alleged violations, "[a]dministrative remedies failed to resolve the matter." Id. ¶ 12. This conduct, the plaintiff alleges, ultimately "obstructed access to courts, disrupted legal proceedings, delayed filings, and caused substantial injury." Id. ¶ 4.

The plaintiff claims that federal prison officials violated regulations governing Special Mail, 28 C.F.R. § 540.18, and deprived the plaintiff of their constitutional rights under the First and Fifth Amendments. Further the plaintiff alleges that the officials' conduct constituted fraudulent mail interference. This conduct, the plaintiff claims, warrants monetary compensation. Id. ¶ 1. The plaintiff estimates their monetary damage to be $10,000,000. Id. ¶ 29.

This Court must dismiss the plaintiff's action because it lacks jurisdiction over their various claims. RCFC 12(h)(3). Accordingly, Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## DISCUSSION

The Tucker Act grants the United States Court of Federal Claims the authority "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act serves as both a jurisdictional grant and waiver of the government's sovereign immunity, but it does not create a substantive cause of

action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, "must identify a separate source of substantive law that creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Should the Court "determine[] at any time that it lacks subject matter jurisdiction, [it] must dismiss the action." RCFC 12(h)(3).

Pleadings submitted by a pro se plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and are "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, a pro se plaintiff still bears "the burden of establishing jurisdiction by a preponderance of the evidence." Roman v. United States, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013)).

The Court lacks subject-matter jurisdiction over the plaintiff's complaint. To the extent the plaintiff alleges that the United States engaged in tortious conduct, violated the Due Process Clause of the Fifth Amendment, and violated the First Amendment, the Court lacks jurisdiction. See 28 U.S.C. § 1491(a)(1); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Further, the plaintiff does not point to a money-mandating statute that confers jurisdiction over their claims of mail fraud and mail interference. See Fisher, 402 F.3d at 1173 (finding "the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act").

## CONCLUSION

Based on the foregoing, Plaintiff's complaint, Dkt. No. 1, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The plaintiff also filed an application to proceed in forma pauperis. Dkt. No. 2. For the purpose of dismissing this case, the plaintiff's application to proceed in forma pauperis is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge